

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 22, 1997

The Honorable Kim Brimer
Chair, Business and Industry Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-451

Re: Parking for disabled persons at airports ( RQ-973)

Dear Representative Brimer:

You have requested our opinion regarding the proper construction of House Bill 3025. *See* Act of May 21, 1997, 75th Leg., R.S., ch. 804, 1997 Tex. Sess. Law Serv. 2633, 2633. We begin with a bit of background.

In 1995, the legislature enacted section 681.006 of the Transportation Code, which exempts from parking fees any vehicle that displays a disabled parking permit. That section provides:

> (a) A vehicle may be parked for an unlimited period in a parking space or area that is designated specifically for persons with physical disabilities if:

> (1) the vehicle is being operated by or for the transportation of a person with a disability; and

> (2) there are:

> (A) displayed on the vehicle special license plates issued under Section 502.253; or

> (B) placed on the rearview mirror of the vehicle's front windshield a disabled parking placard.

> *(b) The owner of a vehicle is exempt from the payment of a fee or penalty imposed by a governmental unit for parking at a meter or in a space with a limitation on the length of time for parking if:*

> (1) the vehicle is being operated by or for the transportation of a person with a disability; and

(2) there are:

      (A)   displayed on the vehicle special license plates issued under Section 502.253; or

      (B)   placed on the rearview mirror of the vehicle's front windshield a disabled parking placard.

(c) The exemption provided by Subsection (b) does not apply to a fee or penalty imposed by a branch of the United States government.

(d) This section does not permit a vehicle to be parked at a time when or a place where parking is prohibited. [Emphasis added.]

The effect of this legislation was to prohibit any "governmental unit" from imposing any kind of parking fee or fine on a vehicle displaying a disabled parking permit.[1]

During the 1997 session of the legislature, you authored House Bill 3025, which, as introduced, merely deleted the phrase "or in a space" from subsection (b) of section 681.006. In the House Intergovernmental Relations Committee, the bill was amended to add subsection (e), which provides:

(e) Nothing in this code shall be interpreted as exempting any owner or operator of a vehicle from payment of fees or penalties imposed by a governmental unit for parking at a meter, in a parking garage or lot, or in a space located within the boundaries of a municipal airport.

House Bill 3025, with this amendment included, passed both houses and was signed by the governor on June 17, 1997. The question before us is the meaning of newly enacted subsection (e).

On its face, subsection (e) might seem to remove the "free parking" exemption for vehicles displaying a disabled parking permit within the boundaries of any "governmental unit" in each of the following situations:  1) at a meter; 2) in a parking garage or lot; or 3) in a space within the boundaries of a municipal airport. You contend, however, that the phrase "of a municipal airport" was intended to modify the whole of subsection (e), and that consequently, the "free parking" exemption remains in effect outside "the boundaries of a municipal airport."

The bill analyses for both the engrossed version of the bill and the Senate committee report state that the purpose of House Bill 3025 is to "outline provisions regarding parking fees imposed *by a governmental authority.*" Senate Comm. on Intergovernmental Relations, Bill Analyses, H.B. 3025, 75th Leg. (1997) (emphasis added). Furthermore, the section-by-section analyses in both

---

[1]We construed this version of subsection 681.006(b) in Attorney General Letter Opinion 96-055 (1996).

cases simply repeat the language of the bill itself. On the other hand, the background to each bill analysis speaks wholly in terms of the "reimposition of fees on certain disabled individuals who park at DFW International Airport." More significantly, the "explanation of amendments" portion of the bill analysis of the House committee report states:

> Adds a new Section 2 and renumbers sections accordingly. SECTION 2. Amends Sec. 681.006, Transportation Code, by adding Subsection (e) which clarifies that this code does not exempt any owner or operator of a vehicle from payment of fees or penalties imposed by a governmental unit *for parking at a meter, garage, lot or space within the boundaries of a municipal airport.* [Emphasis added.]

In our opinion, this "explanation of amendments" provides convincing evidence that House Bill 3025 was intended to remove the parking fee exemption for disabled vehicles only at municipal airports.[2] In addition, we believe it would have been unusual for the legislature, having enacted the parking fee exemption only in 1995, to have virtually repealed that exemption in its next session without having manifested a clear intent to do so. Thus, in our opinion, House Bill 3025 must be construed to remove the parking fee exemption for vehicles displaying disabled parking permits only "within the boundaries of a municipal airport."[3]

---

[2]Another bill enacted by the 75th Legislature, House Bill 580, which deals more broadly with the matter of parking for disabled persons, contains language identical to that of House Bill 3025. *See* Act of May 28, 1997, 75th Leg., R.S., ch. 1353, § 5, 1997 Tex. Sess. Law. Serv. 5101, 5102. Although the bill analyses contained in the Senate committee report and in the engrossed version are no more helpful than those attached to House Bill 3025, the "section-by-section" analysis of the House committee report supports the conclusion we reach here:

> SECTION 5. This section amends Chapter 681.006(c), Transportation Code to remove the exemption . . . from payment of fees or penalties imposed by governmental units from parking in parking garages or other parking lots located within the boundaries of municipal airports.

[3]Disabled veterans and recipients of the Congressional Medal of Honor are not affected by House Bill 3025. They remain entitled to exemption from all parking fees "charged by a governmental authority other than a branch of the federal government." Transp. Code § 681.008.

## S U M M A R Y

House Bill 3025, Act of May 21, 1997, 75th Legislature, chapter 804, at 2633, removes the exemption from parking fees or penalties of a vehicle displaying a disabled parking permit only "within the boundaries of a municipal airport."

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General